UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL WARD,

    Plaintiff,

vs.

Case No. 12-CV-14875
HON. GEORGE CARAM STEEH

JIM LUCKEY,

    Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION (Doc. 24) AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 16)**

On September 5, 2013, Magistrate Judge Laurie Michelson issued a report and recommendation recommending that the court grant defendant's motion for summary judgment of pro se prisoner plaintiff Nathaniel Ward's 42 U.S.C. § 1983 complaint for failure to exhaust his administrative remedies. (Doc. 24). Now before the court are Ward's timely objections to that report and recommendation. (Doc. 26). Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Ward filed this lawsuit against the law librarian, Jim Luckey, at the Cooper Street Correctional Facility in Jackson, Michigan in November, 2012, alleging wrongful retaliation for filing a grievance and denial of access to the law library. In her report and

recommendation, Magistrate Judge Michelson found that Ward failed to exhaust his administrative remedies and thus, Luckey's motion for summary judgment should be granted. Luckey has raised several objections, all of which lack merit. For the reasons set forth below, Ward's objections are overruled and this court shall accept and adopt Magistrate Judge Michelson's report and recommendation.

In his objections, Ward argues that Luckey should have to bear the burden of proof as to the issue of exhaustion. While Ward has correctly stated the law, he has failed to show that Magistrate Judge Michelson did not adhere to this black letter law. In fact, she stated explicitly that Luckey bore the burden of production and persuasion on the issue of non-exhaustion. (Doc. 24 at 5) (citing Surles v. Andison, 678 F.3d 452, 455-56 (6th Cir. 2012)). Ward also argues that Luckey failed to raise the exhaustion defense; thus waiving it, but Luckey's brief in support of his motion for summary judgment speaks for itself and clearly raised the exhaustion defense. (Doc. 16).

Next, the court consider's Ward's objection that Luckey did not submit an affidavit in support of his motion. Luckey submitted a copy of the prison's grievance tracking database report which showed that Ward's 2009 grievance, which is not at issue in the present case, had been exhausted, and showing that another grievance, JCS 2012 07 0643 17e, which may have grieved the conduct at issue in this lawsuit, was not exhausted until after this lawsuit was filed. (Doc. 16, Ex. B). Magistrate Judge Michelson noted that it was somewhat unusual that the defendant had not submitted an affidavit to accompany the database report, but concluded that the report supported summary judgment where

-2-

Ward did not claim that he exhausted the grievances identified in the database report prior to filing suit.

In fact, in his response and cross-motion for summary judgment, Ward relied on another grievance, JCS 2012 09 0891 27a ("JCS 0891"), which Magistrate Judge Michelson found Ward could not possibly have exhausted prior to filing suit as he did not file his Step III grievance prior to November 5, 2012, and this lawsuit was filed in October, 2012 and was docketed on November 1, 2012. (Doc. 24 at 7). Magistrate Judge Michelson reached the conclusion that the grievance was exhausted after the lawsuit was filed based on the grievance forms submitted by Ward in opposition to Luckey's motion for summary judgment. Id. at 7-8. The Sixth Circuit has squarely held that a prisoner cannot exhaust the claims in the complaint-as-filed during the pendency of the litigation. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

In his objections, Ward does not address the JCS 0891 grievance, but alleges that he fully exhausted his grievances, JCS 1207 643 17e and JCS 1297 647 14c, arising out of an incident on July 6, 2012, when Luckey allegedly called him to use the library at a time that he did not request. Magistrate Judge Michelson addressed the JCS 1207 643 17e grievance in her report and found that it was not exhausted until after this lawsuit was filed. (Doc. 24 at 6 n.2; Doc. 16, Ex. B). Ward has shown no error in her conclusion.

As to the JCS 1297 647 14c grievance, in which Ward complained that Luckey wrongfully called him to use the library during his yard time, it is important to note that his complaint seeks redress for alleged retaliation for filing that grievance. The JCS 1297 647 14c grievance is insufficient to show that Ward exhausted the administrative remedies with respect to the claims asserted in his complaint. That grievance merely complained that

-3-

Luckey called him to the library during his yard time, which does not by itself set forth an alleged deprivation for which relief is available under §1983.  Ward's § 1983 complaint alleges that Luckey violated his First Amendment right to access the library in retaliation for grievances which he filed.  It is not enough for Ward to show only that an underlying grievance was filed; he must show that he exhausted his administrative remedies with respect to the *retaliation* claim.  The Sixth Circuit has held that a prisoner's grievance must give "prison officials fair notice of the alleged misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." Bell v. Konteh, 450 F.3d 651, 654 (6th Cir. 2004) (citations omitted), cert. denied, 549 U.S. 1245 (2007).  Because the JCS 1297 647 14c grievance, whether exhausted or not, would not have put Luckey on notice of Ward's § 1983 claim for retaliation in violation of his First Amendment rights, dismissal of Ward's claims for failure to exhaust his administrative remedies is still warranted.

Finally, the court considers Ward's argument that summary judgment should not be entered because he named himself as a witness.  (Doc. 26 at 5).  Merely naming himself as a witness is insufficient to defeat Luckey's motion for summary judgment.  Ward has failed to come forward with any evidence to rebut that presented by Luckey showing that Ward failed to exhaust his administrative remedies.  In fact, the evidence he submitted confirms that he did not exhaust his administrative remedies until after the lawsuit was filed.  The non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts."  Moore v. Philip Morris Cos., 8 F.3d 335, 340 (6th Cir. 1993).

Having conducted a *de novo* review of those portions of the report and recommendation to which Ward objects, the court hereby **ACCEPTS** and **ADOPTS** the magistrate judge's report and recommendation (Doc. 24) and **OVERRULES** Ward's objections (Doc. 26). **IT IS FURTHER ORDERED** that defendant's motion for summary judgment (Doc. 16) hereby is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that Ward's cross-motion for summary judgment (Doc. 18), Ward's motion to amend retaliation complaint (Doc. 19), Ward's motion to amend or supplement the complaint and to add new parties (Doc. 22), and Ward's motion for injunctive relief (Doc. 25), hereby are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 10, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Nathaniel Ward #240660, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880, on October 11, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk